1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   ALVARADO ORTHOPEDIC RESEARCH,  )   Civil No. 11cv0246 IEG(RBB)
     L.P., a California limited     )
11   partnership; and KENNETH H.    )   ORDER DENYING EX PARTE
     HOLKO, an individual,          )   APPLICATION TO REVISE CERTAIN
12                                  )   DATES IN THE SCHEDULING ORDER
                                    )   [ECF NO. 70]
13        Plaintiff,                )
                                    )
14   v.                             )
                                    )
15   LINVATEC CORPORATION, a Florida)
     corporation; and DOES 1 through)
16   50, inclusive,                 )
                                    )
17        Defendants.               )
     _____ )
18   LINVATEC CORPORATION, a Florida)
     corporation,                   )
19                                  )
          Counter-claimant,         )
20                                  )
     v.                             )
21                                  )
     ALVARADO ORTHOPEDIC RESEARCH,  )
22   L.P., a California limited     )
     partnership; KENNETH H. HOLKO, )
23   an individual,                 )
                                    )
24        Counter-defendants.       )
                                    )
25   _____ )

26        On November 29, 2012, Defendant and Counterclaimant, Linvatec

27   Corporation, filed an Ex Parte Application to Revise Certain Dates

28   in the Scheduling Order [ECF No. 70].  Linvatec requests that the

                                     1                    11cv0246 IEG(RBB)

Court extend (1) the discovery cutoff from January 7, 2013, to March 1, 2013; (2) the deadline to serve written discovery from November 5, 2012, to January 11, 2013; (3) the deadline for filing motions from January 28, 2013, to April 1, 2013; (4) initial expert designations from November 5, 2012, to December 14, 2012; (5) the next expert designation from December 3, 2012, to January 18, 2013; (6) the supplemental expert designation deadline from December 17, 2012, to February 1, 2013; and (7) continue the settlement conference scheduled for December 3, 2012, to April 1, 2013. (Ex Parte Appl. Revise 1, ECF No. 70.)

The next day, November 30, 2012, Plaintiff and Counterclaim Defendant, Alvarado Orthopedic Research, L.P., filed its Opposition to the Ex Parte Application. (Pl. Alvarado Orthopedic Resarch, L.P.'s Opp'n Ex-Parte Appl., ECF No. 71.) On the same date, the Court denied Linvatec's request to continue the December 3, 2012 settlement conference and indicated that the remaining items addressed in the Ex Parte Application would be considered in a subsequent order. (Mins., Nov. 30, 2012, ECF No. 72.)

The Court held the scheduled settlement conference on December 3, 2012, and issued an order allowing Alvarado to file a supplemental opposition to Linvatec's Ex Parte Application by December 10, 2012; Linvatec was authorized to file a reply memorandum by the same date. On December 10, 2012, Linvatec filed a Reply in support of its Ex Parte Application [ECF No. 79]. Alvarado filed the Declaration of A. Kipp Williams in Response on December 11, 2012 [ECF No. 81].

# I.

**THE SHOWING NEEDED TO MODIFY THE CASE MANAGEMENT ORDER**

### A.   The Parties' Positions

Linvatec has new counsel.  It's new lawyers substituted into this case on October 26, 2012.  (Ex Parte Appl. Revise 1, ECF No. 70.)  They seek to extend dates "so that new counsel can assess the facts and legal issues of the case, and prepare the case for settlement or trial."  (<u>Id.</u>)

In Alvarado's Opposition to the Ex Parte Application, it argues that new counsel for Linvatec came into the case on October 25, 2012, knowing that a scheduling order was in place.  (Pl. Alvarado Orthopedic Research, L.P.'s Opp'n to Ex-Parte Appl. 3, ECF No. 71.)  Alvarado observes that "several key dates have already come and gone.  For example, the deadline to serve written discovery was November 5, 2012, and the initial expert designation was November 5, 2012."  (<u>Id.</u>)

In its Reply, Linvatec supplements its earlier showing by adding that an extension of pretrial dates is needed to "finish up remaining discovery, some of which has been delayed by Plaintiff's refusal to enter into a Protective Order."  (Reply Further Supp. Linvatec Corp.'s Ex Parte Appl. 1, ECF No. 79.)  The Defendant states that the "Plaintiff's refusal to agree to a Protective Order has stalled document production, and thus completion of discovery."  (<u>Id.</u> at 3.)  It was required to file a motion to compel discovery, and Linvatec repeats that it has new counsel.  (<u>Id.</u>)

Counsel for Alvarado responded to Linvatec's assertions as follows:

> After being in this case for almost two years, Linvatec proposes to extend the expert witness dates so it can designate two experts: the first to provide testimony for the trier of fact on how the patent law process works, including for the payment of maintenance fees; and second, a technical expert to provide testimony on the blades and blade technology at issue.
>
> . . . Linvatec has offered no showing of good cause as to why it did not participate in the first expert exchange on November 5, 2012.  Linvatec has offered no viable explanation as [to] why its former patent lawyers did not determine that patent experts were needed at trial.

(Decl. A. Kipp Williams Resp. 2, ECF No. 81.)  Alvarado maintains that the motion to compel brought by Linvatec dealt with deposition topics that have little to do with the proposed expert designations.  (Id.)  Also, Linvatec raised the need for a protective order "over a year ago."  (Id. at 3.)  Williams responded that it was "not necessary," and "the issue was dropped."  (Id.)

**B.   Good Cause and Diligence**

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a] [case management] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). Ostensibly, Linvatec acknowledges that the touchstone for modifying a scheduling order is that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension."  (Ex Parte Appl. Revise 2, ECF No. 70 (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).)  "If the party seeking the modification 'was not diligent, the inquiry should end' . . . ."  Johnson, 975 F.2d at 609.

"Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its

docket, disrupt the agreed-upon course of the litigation, and
reward the indolent and cavalier.  Rule 16 was drafted to prevent
this situation."  Sokol Holdings, Inc. v BMB Munai, Inc., 05-cv-
3749 (KMW) (DCF), 2009 U.S. Dist. LEXIS 100478, at *17 (S.D.N.Y.
Oct. 28, 2009) (citation omitted) (internal quotation marks
omitted).

The Defendant and Counterlclaimant also relies on Woodard v.
City of Menlo Park, No. C 09-3331 SBA, 2012 WL 2119278, at *1 (N.D.
Cal. June 11, 2012), as authority for the proposition that
providing additional time for new counsel to properly prepare for
trial constitutes good cause to modify a scheduling order.  (See Ex
Parte Appl. Revise 2, ECF No. 70.)  In Woodard, plaintiff was
alleging an excessive force claim under 42 U.S.C. § 1983 and, at
the request of the Federal Pro Bono Project, counsel was appointed
to represent him.  Woodard, 2012 WL 2119278, at *1.  The court
found that "Plaintiff's failure to conduct discovery was due to his
pro se status, mental disability and lack of legal expertise, and
not as a result of bad faith or carelessness."  Id.  It granted the
motion to modify the scheduling order and gave new counsel thirty
days to designate a use-of-force expert and medical expert, and
sixty days to depose defendant's three trial witnesses and to serve
no more than ten requests for production.  Id.  Linvatec is
situated differently from Robert Woodard.

"This court adheres to the widely followed principle that
'[t]he arrival of new counsel . . . does not entitle parties to
conduct additional discovery or otherwise set aside valid and
binding orders of the court, regardless of the efficacy of any new
strategy counsel seeks to follow.'"  Harshaw v. Bethany Christian

Servs., No. 1:08-cv-104, 2010 U.S. Dist. LEXIS 79454, at *24 (W.D.
Mich. Aug. 5, 2010) (quoting Adams v. Sch. Bd. of Hanover Cty.,
Va., No. 3:05CV310, 2008 U.S. Dist. LEXIS 96296, at *10 (E.D. Va.
Nov. 26, 2008)).

Before entering this case, Linvatec's new counsel presumably
understood that some case deadlines had passed and others were
pending.  It entered the case on October 26th; the deadline for
interrogatories and document requests was November 5, 2012, and the
discovery cutoff was January 7, 2013. (See Case Management Conf.
Order 2, ECF No. 49.)  As a counterclaimant, Linvatec was to
designate experts by November 5, 2012; it was authorized to
designate a defense expert in response to Plaintiff's expert by
December 3, 2012.  With eyes wide open, counsel entered the fray.
"That new counsel is dissatisfied with the state of the case it
inherited is not grounds . . . for reopening discovery long after
the court-ordered deadlines have passed."  Marcin Eng'g, LLC v.
Founders at Grizzly Ranch, LLC, 219 F.R.D. 516, 521 (D. Colo.
2003).

In this matter, certain expert and other discovery deadlines
have already lapsed.  The retention of new counsel does not
constitute good cause to reopen discovery under Rule 16.  See
Porter v. Cal. Dep't of Corr., No. Civ. S-00-978 FCD/JFM, 2006 U.S.
Dist. LEXIS 368, at *4 (E.D. Cal. Jan. 6, 2006).

"Defendants' desire to change their litigation strategy,
perhaps attributable to their new counsel, accounts for their
requested case schedule modification.  Such a shift in litigation
strategy does not set forth good cause under Rule 16."  Thomas v.
McDowell, No. 2:10-cv-0152, 2012 U.S. Dist. LEXIS 163261, at *4

(S.D. Ohio Nov. 15, 2012).  Similarly, in <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298-99 (4th Cir. 2008), <u>amended by Nourison Rug Corp. v. Parvizian</u>, No. 07-1973, 2008 U.S. App. LEXIS 17820 (4th Cir. July 28, 2008), the Fourth Circuit affirmed the trial court's summary judgment and refusal to find good cause to amend pleadings after deadlines have passed based on new counsel's discovery of a new defense that previous defense counsel had not raised.  <u>Accord</u> <u>Kovaleski v. Johnson & Johnson Co.</u>, No. 2:09-cv-473, 2011 U.S. Dist. LEXIS 19234, at *9-11 (S.D. Ohio Feb. 28, 2011).  "[C]arelessness and/or change in litigation strategy do not amount to diligence."  <u>Onyx Pharms., Inc. v. Bayer Corp.</u>, No. C-09-2145 EMC, 2011 U.S. Dist. LEXIS 107114, at *6-7 (N.D. Cal. Sept. 21, 2011).

     Linvatec's new lawyers suggest that they have acted promptly in seeking to extend dates.  (Ex Parte Appl. Revise 1-3, ECF No. 70.)  In the Ex Parte Application, however, Linvatec does not detail what its original attorneys have accomplished since the Court held an early neutral evaluation conference on November 16, 2011, or issued the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings on March 12, 2012 [ECF Nos. 32, 29].  Instead, in its Reply, Linvatec argues that after substituting into the case on October 26, 2012, new counsel communicated with counsel for Alvarado about extending dates. (Reply Further Supp. Linvatec Corp.'s Ex Parte Appl. 4, ECF No. 79.)  On November 14, 2012, counsel for the parties agreed to an extension of deadlines for depositions and motions to compel related to the depositions.  (<u>Id.</u>)  They did not, however, agree to an extension of remaining dates, so on November 29, 2012, Linvatec

1   filed its Ex Parte Application to extend remaining dates [ECF No.

2   70].

3       In neither its Ex Parte Application nor Reply does Linvatec

4   describe the diligence of its prior counsel.  "The defendant[] may

5   not simply ignore the lack of diligence of [its] former counsel on

6   this score and shift the focus to the diligence of [its] new

7   counsel." Harshaw v. Bethany Christian Servs., 2010 U.S. Dist.

8   LEXIS 794545, at *24.  "Incoming counsel is bound by the actions of

9   his or her predecessor, and to hold otherwise would allow parties

10  to create good cause simply by switching counsel." Kenny v. Cnty.

11  of Suffolk, No. CV 05-6112 (ADS) (WDW), 2008 U.S. Dist. LEXIS

12  93120, at *3 (E.D.N.Y. Nov. 17, 2008) (internal quotations omitted)

13  (citation omitted).

14      Notably, "[d]uring the summer of 2012, [counsel for Alvarado]

15  had a conversation with Ellen Eagen, counsel for Linvatec, and

16  [they] agreed this was not an expert witness case and that neither

17  party would be designating experts." (Decl. A. Kipp Williams Resp.

18  3, ECF No. 81.)  Under these circumstances, new counsel is hard

19  pressed to complain that it did not designate experts.

20      Linvatec states that Alvarado is urging a "new theory of the

21  case." (Reply 5, ECF No. 79.)  Defendant Linvatec does not

22  identify when this theory was first articulated.  Furthermore, it

23  has not provided information from which the Court can conclude

24  that, despite the Defendant's diligence, the recent discovery of

25  new facts or introduction of a new theory of liability was

26  unforeseen.  "If the party seeking the modification 'was not

27  diligent, the inquiry should end' . . . ." Zivkovic v. S. Cal.

28

8

1   <u>Edison</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted).

2   Linvatec's showing is insufficient.

3                                    **II.**

4                               **CONCLUSION**

5        The appearance of new counsel does not reset the start clock.

6   Linvatec has failed to establish that it acted diligently.

7   Accordingly, the Ex Parte Application to Revise Certain Dates in

8   the Scheduling Order is **DENIED** [ECF No. 70].

9

10  DATED:  December 12, 2012

    Ruben B. Brooks

11                                    United States Magistrate Judge

12  cc:
    Judge Gonzalez

13  All Parties of Record

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28